# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL FIRESTONE, *et al.*,

    Plaintiffs-Appellants,

    v.

SCOTT BESSENT, *et al.*,

    Defendants-Appellees.

No. 24-6979

## OPPOSED MOTION TO HOLD PROCEEDINGS IN ABEYANCE

    Pursuant to Federal Rule of Appellate Procedure 27, the government respectfully requests that proceedings in this matter be held in abeyance pending the Financial Crimes Enforcement Network's Final Rule regarding the Corporate Transparency Act's reporting requirements. Plaintiffs oppose this motion.

    1. This case concerns the Corporate Transparency Act (CTA), which generally imposes reporting requirements on certain entities and authorizes the Department of the Treasury (Department), through the Financial Crimes Enforcement Network (FinCEN), to promulgate rules to that effect. FinCEN originally issued a rule requiring covered foreign and domestic entities to comply with the CTA's reporting requirements by January 1, 2025. That deadline was later extended various times due to ongoing litigation surrounding the CTA.

On March 26, 2025, FinCEN issued an Interim Final Rule materially altering the reporting requirements. *See Beneficial Ownership Information Reporting Requirement Revision and Deadline Extension*, 90 Fed. Reg. 13,688 (Mar. 26, 2025) (Interim Final Rule). Relevant here, the Rule exempted all domestic entities from the reporting requirements. *Id.* at 13,690. FinCEN further stated that it "is accepting comments on this interim final rule," will "assess the exemptions, as appropriate, in light of those comments," and "intends to issue a final rule this year." *Id.*

2. In light of these recent developments, this case should be held in abeyance. It is well-established that courts "refrain from passing upon the constitutionality of an act of Congress unless obliged to do so." *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 341 (1936) (Brandeis, J., concurring). This case involves several constitutional challenges, both facial and as-applied, to an Act of Congress, all of which may eventually become moot. Plaintiffs are domestic entities and their beneficial owners, and thus currently exempt from the CTA's reporting requirements. The Department has further announced that it does not intend to enforce any penalties associated with the reporting rule against U.S. citizens or domestic reporting companies or their beneficial owners. And the Final Rule may well reaffirm plaintiffs' exemption from the CTA's reporting requirements, thereby mooting their claims.

3. Given that plaintiffs currently face no imminent harm, and this case may become moot, the government respectfully requests that this Court postpone the May 15 oral argument and hold the case in abeyance pending the issuance of a Final Rule regarding the CTA's reporting requirements.

4. Plaintiffs oppose this motion.

                Respectfully submitted,

                ERIC D. MCARTHUR
                 *Deputy Assistant Attorney General*

                DANIEL TENNY
                MAXWELL BALDI
                */s/ Sophia Shams*
                SOPHIA SHAMS
                 *Attorneys, Appellate Staff*
                 *Civil Division, Room 7264*
                 *U.S. Department of Justice*
                 *950 Pennsylvania Ave., NW*
                 *Washington, DC 20530*
                 *sophia.shams@usdoj.gov*
                 *(202) 514-2495*

April 2025

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 384 words. This motion complies with the typeface and type-style requirements of Rules 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using 14-point Times New Roman, a proportionally spaced typeface.

*/s/ Sophia Shams*
SOPHIA SHAMS

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate Case Management System (ACMS). Participants in the case are registered ACMS users, and service will be accomplished by the ACMS.

                                                */s/ Sophia Shams*
                                                SOPHIA SHAMS