**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MICHAEL FIRESTONE, *et al.*,<br>Plaintiffs-Appellants,<br>v.<br>SCOTT BESSENT, *et al.*,<br>Defendants-Appellees. | No. 24-6979 |

**OPPOSED MOTION TO DISMISS APPEAL AS MOOT**

This case arises from a challenge to the Corporate Transparency Act (CTA), which imposes certain reporting obligations on domestic and foreign corporations, and its implementing rule. Plaintiffs are U.S. persons and domestic entities formerly subject to the CTA's reporting requirements and thus filed suit seeking relief from those reporting obligations. On August 14, 2026, Treasury issued a Final Rule relieving plaintiffs of the reporting obligations.

In light of the Final Rule, the government respectfully requests that the Court dismiss plaintiffs' appeal as moot. Because plaintiffs are no longer subject to the reporting obligations from which they originally sought relief, plaintiffs' appeal is moot. This Court accordingly lacks jurisdiction over the appeal. The government has contacted counsel for plaintiffs in this case, and counsel has represented that plaintiffs oppose this motion.

## BACKGROUND

1. This case arises from a challenge to the CTA, which requires certain companies to report "beneficial ownership information"—roughly, the identities of the individuals who own or control the company—to FinCEN. The Act imposes this disclosure requirement on "reporting compan[ies]," 31 U.S.C. § 5336(b)(1)(A), which generally include any "corporation, limited liability company, or other similar entity that is" either "created by the filing of a document with a secretary of state or a similar office under the law of a State or Indian Tribe," or "formed under the law of a foreign country and registered to do business in the United States by the filing of a document with a secretary of state or a similar office under the laws of a State or Indian Tribe," *id.* § 5336(a)(11)(A). The CTA excludes from that general definition, however, specified categories of businesses, and allows the government to exempt any other "entity or class of entities" for which "requiring beneficial ownership information" would not "serve the public interest" and "would not be highly useful" in "efforts to detect, prevent, or prosecute money laundering, the financing of terrorism, ... or other crimes." *Id.* § 5336(a)(11)(B)(xxiv). The CTA directs FinCEN to implement certain aspects of the statute by regulation, *see* 31 U.S.C. § 5336(b)(5), and FinCEN accordingly issued a final rule in September 2022 implementing the CTA's reporting requirements, *see Beneficial Ownership Information Reporting Requirements*, 87 Fed. Reg. 59498 (Sep. 30, 2022) (codified at 31 C.F.R. § 1010.380, as amended by

*Beneficial Ownership Information Reporting Deadline Extension for Reporting Companies Created or Registered in 2024*, 88 Fed. Reg. 83499 (Nov. 30, 2023)).

2. Plaintiffs are individuals who own "rural and urban businesses" subject to the CTA's reporting requirements and original implementing regulation. ER-131. As relevant here, plaintiffs filed suit challenging CTA both facially and as applied on various constitutional grounds. ER-143-54. Plaintiffs moved for a preliminary injunction prohibiting the government from enforcing the CTA against them and "Oregon entity filers similarly situated." ER-94 (Preliminary injunction mot.). The district court denied on the basis that plaintiffs "offer[ed] no evidence in support of their motion," were not likely to succeed on their constitutional claims, and could not show irreparable harm. ER-38, 47-62, 62-63. Plaintiffs appeal the district court's denial of the preliminary injunction.

3. After briefing was completed but prior to oral argument in the case, the Department of the Treasury engaged "in a reassessment of the balance struck by the Reporting Rule." *See Beneficial Ownership Information Reporting Requirement Revision and Deadline Extension*, 90 Fed. Reg. 13688, 13691 (Mar. 26, 2025) (Interim Final Rule). In particular, Treasury "reassessed the balance between the usefulness of collecting [beneficial ownership information] and the regulatory burdens imposed by the scope of the Reporting Rule." *Id*.

In light of that reassessment, FinCEN published on March 26, 2025, the Interim Final Rule which, pursuant to FinCEN's statutory authority to exempt "classes of entities" from the reporting requirements, 31 U.S.C.

§ 5336(a)(11)(B)(xxiv), exempted "all domestic reporting companies, and their beneficial owners," 90 Fed. Reg. at 13690. At the same time, the Interim Final Rule recognized that foreign reporting companies "present heightened national security and illicit finance risks" and required those companies to continue "to report their [beneficial ownership information], except with respect to U.S. person beneficial owners." *Id*. at 13,692. FinCEN announced it that was "accepting comments on this interim final rule," would "assess the exemptions, as appropriate, in light of those comments," and "intend[ed] to issue a final rule" later that year. *Id*. at 13690.

Following the issuance of the Interim Final Rule, the government moved hold this case in abeyance pending final rulemaking, explaining that should the final rulemaking result in a narrowed reporting requirement that exempts domestic entities such as plaintiffs, plaintiffs' claims would be moot. The Court granted the government's motion and ordered that the case be removed from the Court's oral argument calendar. Order (May 1, 2025).

4. On August 14, 2026, FinCEN issued a Final Rule largely adopting the Interim Final Rule issued on March 26, 2025, and amending the reporting requirements. *Beneficial Ownership Information Reporting Requirement Revision*, 91 Fed. Reg. 52508, 52511, 52516 (Aug. 14, 2026) (Final Rule). Like the Interim Final Rule, the Final Rule "exempt[s] domestic reporting companies from any [beneficial ownership information] reporting requirements." *Id.* at 52511. And like the Interim Final Rule, the Final Rule exempts reporting companies from

"having to report the [beneficial ownership information] of any U.S. person who is a beneficial owner" as well as "U.S. persons from having to provide such information to a reporting company for which the U.S. person is a beneficial owner." *Id.* The Final Rule further "expands" these exemptions "to include not only U.S. person beneficial owners but also U.S. person company applicants." *Id.* In response to comments on the Interim Final Rule, the Final Rule "eliminate[s] the requirement for any U.S. person to update or correct information that the U.S. person provided in order to obtain a FinCEN ID, whether as beneficial owner or company applicant," *id.* and FinCEN also announced that it "intends to implement a process to remove" from its database "[beneficial ownership information] of U.S. companies and U.S. persons who are now exempt from the Reporting Rule by virtue of the [Interim Final Rule] and this final rule." *Id.* at 52518.

## DISCUSSION

### A. In Light Of The Final Rule, Plaintiffs' Underlying Claims Are Likely Moot

In light of the Final Rule, the government moves to dismiss plaintiffs' appeal as moot. As the Supreme Court has recognized, a case becomes moot when it "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Id.* (quotation marks omitted). Federal courts accordingly lack Article III jurisdiction over a case that has become moot. *See Brach v. Newsom*, 38 F.4th 6, 11 (9th Cir. 2022).

As relevant here, a case is moot where the "the parties lack a legally cognizable interest in [its] outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quotation marks omitted). That is true if an intervening event "makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quotation marks omitted). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Already*, 568 U.S. at 91 (quotation marks omitted).

Applying the above principles, plaintiffs' appeal is clearly moot. Plaintiffs, which are individuals residing in the United States who are shareholders and own equity stake in domestic entities, filed suit challenging the CTA and implementing rule and seeking relief from the Act's reporting obligations. The newly issued Final Rule, however, exempts domestic entities and U.S. beneficial owners and applicants from the CTA's reporting requirements and thus absolves plaintiffs of their asserted injuries (the requirement to report beneficial ownership information to the government). Because there is no longer a live controversy warranting the district court's preliminary injunction, this Court lacks jurisdiction over plaintiffs' appeal.

**B. None Of The Exceptions To Mootness Apply**

None of the exceptions to the mootness doctrine apply here. As this Court has explained, a court may continue exercising jurisdiction over a case even when

the challenged conduct has ceased where (1) the defendant's voluntary cessation of challenged conduct may not moot a case, of (2) the dispute at issue may be "capable of repetition yet evading review." *Brach*, 38 F.4th at 12 (9th Cir. 2022)

Under the voluntary-cessation doctrine, "a defendant cannot automatically moot a case simply by ending its unlawful conduct once sued." *Brach*, 38 F.4th at 12 (quoting *Already*, 568 U.S. at 91). In cases involving government action, courts "treat the voluntary cessation of challenged conduct by government officials with more solicitude than similar action by private parties," *Id.* (alteration and quotation marks omitted). Specifically, this Court has recognized that the government is entitled to a presumption of good faith. *Id.* at 13. For this reason, absent evidence of bad faith or some reasonable expectation that the challenged conduct will recur, this Court "presume[s] that a government entity is acting in good faith when it changes its policy" *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014); *see also American Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010) ("Cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties." (alteration and quotation marks omitted)); *Board of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198-99 (9th Cir. 2019) (en banc).

FinCEN's issuance of the Final Rule in no way warrants application of the voluntary-cessation exception. As the agency has explained, the Final Rule was promulgated in part due to the change in priorities following the change in

administration and the agency's "reassessment of the balance struck in the original Reporting Rule between collecting information that is 'highly useful' for law enforcement and minimizing burdens on reporting companies." 91 Fed. Reg. at 52513. And there is nothing to suggest that the challenged conduct is likely to recur. The agency's issuance of a new rule following notice and comment is entitled to a presumption of good faith and thus does not implicate the voluntary-cessation exception.

Nor is this dispute subject to the exception from mootness for cases that are capable of repetition yet evading review. That doctrine applies only in "extraordinary cases where (1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again." *Brach*, 38 F.4th at 15 (quotation marks omitted).

Neither of these conditions are met here. First, as explained above, there is no reasonable expectation that plaintiffs will be subject to the same challenged action again. FinCEN has issued a Final Rule, through which the agency underwent more than a year of rulemaking, including notice and comment. Second, and in any event, there is nothing to suggest that the nature of the challenged action is too short in duration to be fully litigated prior to cessation or expiration. The CTA imposes ongoing reporting obligations on covered entities. There would thus be plenty of time for plaintiffs to challenge a later rule should the agency change in its assessment of the exemptions to the CTA in the future.

## CONCLUSION

For the foregoing reasons, the government requests that the Court dismiss plaintiffs' appeal as moot.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

DANIEL TENNY

STEVEN H. HAZEL
MAXWELL
BALDI

/s/ *Sophia Shams*
SOPHIA SHAMS
*Attorneys, Appellate Staff*
*Civil Division, Room 7213*
*U.S. Department of Justice*
*950 Pennsylvania Ave., NW*
*Washington, DC 20530*
*202-514-2495*
*sophia.shams@usdoj.gov*

SEPTEMBER 2026

# CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the requirements of Federal Rule of Appellate Procedure 27(d) because it has been prepared in 14-point Times New Roman, a proportionally spaced font. I further certify that this motion complies with the type- volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,923 words according to the count of Microsoft Word.

*/s/ Sophia Shams*
Sophia Shams

# CERTIFICATE OF SERVICE

I hereby certify that, on September 4, 2026, I electronically filed the foregoing motion with the Clerk of the Court by using the Appellate Case Management System (ACMS). I further certify that the participants in the case are ACMS users and that service will be accomplished by using ACMS.

*/s/ Sophia Shams*
Sophia Shams